■ EDWARD BRUCKER, Appellant, v DIME SAVINGS BANK OF NEW YORK, FSB, Respondent. [639 NYS2d 13]

The following facts were adduced at trial. Plaintiff, who had opened an IRA account with the defendant bank on December 12, 1976, spoke to a bank representative in August of 1982, after having reached the age of seventy and one-half, at which time distribution of the account had to begin, about a ten-year payout of his account balance. He was offered the choice of a 16-year, 10-year or 8-year plan, each with a different, constant monthly payment. Plaintiff chose the 10-year plan, which offered a fixed monthly payment of $181.77. The bank acknowledged receipt of his "Instructions for Distribution Form" calling for such payments over ten years as well as his passbooks and confirmed in writing that the installments would be $189 monthly. Plaintiff thereafter received monthly payments of $189. On March 1, 1987, however, the bank informed him that his certificate of deposit would mature with a balance of $5,973.68. Until then, plaintiff testified, he was unaware that his IRA account was deposited in a five-year certificate of deposit. Concerned, plaintiff spoke with a bank representative who assured him that the letter was a result of computer error. In a subsequent conversation with another bank representative, plaintiff was assured that he had a ten-year plan. In October of 1988, plaintiff was advised that his certificate of deposit had a maturity date of March 1, 1989. When plaintiff wrote to express his concerns, the bank wrote back on December 12, 1989, "Please be advised that your IRA distribu-

tion is still scheduled for a ten year payment. The monthly checks you have, and will be receiving will be for the fixed amount of $189.00." When plaintiff received a check for $165.45 in early January 1990, he contacted the bank and spoke with the author of the December 12, 1989 letter, who told him his account was closed. The bank's representative testified that the payment calculation was based on current interest rates, which, subsequent to plaintiff's selection of the ten-year plan, underwent a substantial decline. As a result, all of plaintiff's funds under the certificate of deposit were deleted. The Civil Court found that plaintiff had sustained his burden of proving a contractual right to a ten-year payout and awarded him the sum of $9,054.46. On appeal, the Appellate Term reversed and dismissed the complaint, finding that the bank never obligated itself contractually to pay plaintiff $189 monthly over ten years. We reverse and reinstate the Civil Court judgment.

Our review of the record shows an offer and acceptance of a ten-year payout of plaintiff's IRA account at a monthly rate of $181.77, which the bank, by letter of September 8, 1982 confirmed, correcting the monthly amount to $189. The Appellate Term rejected what seems plain by charging plaintiff, a retired attorney now residing in Florida, with the knowledge that the distribution of his IRA account was funded with five-year certificates of deposit, despite his denial and the lack of competent evidence indicating otherwise. Moreover, despite the bank's submission of a certificate reinstatement form to plaintiff in February 1987, there is no evidence that any such form, which indicated that a certificate of deposit was the funding vehicle for the payout, was sent to plaintiff in 1982. On this record, there was no basis upon which to reverse Civil Court's finding of fact. Concur—Sullivan, J. P., Milonas, Ellerin, Rubin and Kupferman, JJ.